CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 24 2020

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES ARNESS ERBY,<br>Petitioner, | Civil Action No. 7:18-cv-00588 |
| v. | MEMORANDUM OPINION |
| WARDEN BRECKON,<br>Respondent. | By: Michael F. Urbanski<br>Chief United States District Judge |

James Arness Erby, a federal inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that his continued detention is unconstitutional. This matter is before the court on respondent's motion to dismiss. After reviewing the record, the court concludes that respondent's motion must be granted.

**I.**

Erby is in the custody of the Warden of United States Penitentiary ("USP") Lee. He is serving a term of life in prison for firearms and drug crimes.[1]

Erby appealed his convictions and sentences. On April 24, 2007, the Court of Appeals for the Fourth Circuit affirmed the judgment.

In 2010, Erby filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the U.S. District Court for the Eastern District of Virginia. After finding that Erby's claims were untimely, procedurally defaulted, previously litigated, or meritless, the district court denied the motion. Erby appealed the decision to the Fourth Circuit, which denied a certificate of

---

[1] Specifically, Erby was sentenced to two concurrent sentences of 120 months imprisonment for two separate counts of being a felon in possession of a firearm and ammunition, a concurrent sentence of 240 months for the drug trafficking offense, and a consecutive sentence of life in prison for use of a firearm in relation to a drug trafficking offense.

1

appealability and dismissed the motion. Erby filed a second motion to vacate pursuant to § 2255 in the sentencing court after the Supreme Court's decision in <u>Alleyne v. United States</u>, 570 U.S. 99 (2013). The district court denied the motion as an unauthorized second or successive motion.

Erby filed the current petition pursuant to § 2241 on November 28, 2018. He subsequently filed a motion to amend the petition, which the court granted. After seeking and receiving an extension of time, respondent filed a motion to dismiss on May 17, 2019. Erby thereafter filed an objection to the motion to dismiss as well as a motion for summary judgment. He has since filed a motion for appointment of counsel, which the court denied, and a second motion to amend the petition, which remains pending.

Erby raises three claims in the instant petition, as amended.[2] First, he argues that the district court imposed a life sentence without authority. Relatedly, Erby claims that he remains presumptively innocent of the distinct crimes of first degree murder and obstruction of justice. In his amended petition, Erby alleges that respondent is violating his rights to due process and to be free from cruel and unusual punishment, in violation of the Fifth and Eighth Amendments, respectively, by continuing to detain him.

## II.

Typically, a petitioner challenging the validity of his conviction or sentence must proceed under 28 U.S.C. § 2255 in the district where he was convicted. However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction and/or his

---

[2] Erby's "amended petition" adds additional claims to the original petition, but does not encompass that entire document. Accordingly, the court refers to the two filings separately.

sentence by filing a § 2241 petition for writ of habeas corpus, if he demonstrates that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."). "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).[3]

In United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), the Fourth Circuit explained that where a petitioner is challenging the legality of his sentence (as opposed to his conviction), § 2255 will be deemed "inadequate or ineffective" only when all of the following four conditions are satisfied: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2)[4] for second or successive motions; and (4) due to this retroactive

---

[3] The court has eliminated internal quotation marks, alterations, footnotes, and/or citations here and throughout this memorandum opinion, unless otherwise noted.

[4] Section 2255(h) provides that:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

3

change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. Id. at 429; see also Lester v. Flournoy, 909 F.3d 708, 712 (4th Cir. 2018) (applying Wheeler); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (reaching same conclusion with respect to challenges to convictions and setting forth similar factors). The Wheeler court also affirmed that the requirements of the savings clause are jurisdictional. 886 F.3d at 423. Thus, a § 2241 petitioner relying on the savings clause to challenge his sentence must meet the Wheeler test for the district court to have subject matter jurisdiction to evaluate the merits of the petitioner's claims. Id. at 426–29. Although the court must apply the procedural standard in Wheeler, "[i]n evaluating the substantive law in a § 2255(e) savings clause analysis, the court must look to the substantive law of the circuit where a defendant was convicted." Ledezma-Rodriguez v. Brecken, No. 7:18-cv-00268-JLK, 2019 WL 4644556, at *2 (W. D. Va. Sept. 24, 2019) (quoting Hahn v. Moseley, 931 F.3d 295, 300-01 (4th Cir. 2019)).

Erby cannot meet Wheeler's requirements for use of § 2255's savings clause.

Because Erby's first and second grounds for relief and arguments in support thereof significantly overlap, the court addresses them together. Erby challenges the district court's imposition of a life sentence, which he claims was without authority and, therefore, illegal. Pet. at 6.[5] According to Erby:

---

. . .

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(2).

[5] Page citations refer to the pagination generated by the court's electronic filing system ("ECF").

4

> Here Erby claims (and the record supports) that he was never indicted for the facts used to impose the sentence in question. These facts are Obstruction of Justice and First Degree Murder. The trial record is devoid of any such facts found by the jury or judge. Needless to say the standard of Reasonable Doubt has never been satisfied. There has [sic] been no final convictions for Obstruction of Justice nor the First Degree Murder for there has been no beginning.

Id. at 11; see also id. at 13 ("The District Court turned crimes into sentencing factors. . . . Judges have broad discretion, but the record reveals that the court acted outside if its lawful range. And in doing so punished Erby for crimes that he's neither been charged or convicted of."). Further, "[t]he resulting punishment imposed by the sentencing court is fundamentally unfair and was done so without authority. There are many Constitutional questions in this case. The murder was a state crime with no Federal Nexus." Id. at 14; see also id. at 21 (noting that the "District Court lacked authority to impose the sentence of count four."). Therefore, in Erby's view, he remains "presumptively innocent of Murder in the First Degree." Id. at 19.

Erby's arguments are problematic for several reasons.

First, 28 U.S.C. § 2255 plainly states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Thus, the statute plainly contemplates that challenges to the court's jurisdiction should be raised pursuant to § 2255 in the sentencing court. See id.; see also Williams v. United States, 283 F.2d 59, 60 (10th Cir. 1960) ("Lack of jurisdiction is a specific ground for relief under § 2255 and may be adequately and effectively tested by that

5

procedure."). The court reiterates that lack of success under § 2255, or procedural inability to utilize that provision, does not render § 2255 "inadequate or ineffective." Vial, 115 F.3d at 1194 n.5.

Moreover, Erby's contentions are clearly constitutional arguments. For example, he states that he was deprived of his fundamental or most basic rights, Pet. at 7, 16; that "the standard of Reasonable Doubt has never been satisfied," id. at 11; that "[t]here are many Constitutional questions in this case," id. at 14; that the court "circumvented due process . . . [and was] in conflict with the Due Process Clause's Reasonable Doubt requirement," id. at 16; that he "was deprived of the most fundamental principle of due process of law, Notice," id. at 23; and that, as a result, "the Fifth Amendment's Grand Jury Clause did not serve its function," id. at 24. He also refers, somewhat vaguely, to "Sixth Amendment" violations. Id. at 15, 28.

Constitutional arguments have no place within Wheeler's framework. See Wheeler, 886 F.3d at 429 (describing first and second requirements as: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review . . ."); see also Jones, 226 F.3d at 333-34. Wheeler and Jones both involved statutory, not constitutional, decisions. See Wheeler, 886 F.3d at 430 (noting that petitioner was "unable to satisfy the requirements of § 2255(h)(2) because Simmons[6] was a statutory decision . . ."); id. at 426-27

---

[6] United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

6

("Unable to file a second or successive § 2255 motion because Bailey[7] was a statutory (not a constitutional) decision, Jones attempted to file a § 2241 claim for relief by using the savings clause portal." (citing Jones, 226 F.3d at 329-30)); see also Lester, 909 F.3d at 712 (noting that petitioner could not meet § 2255(h)'s gatekeeping provisions because the case on which his claim was based was a "decision of statutory interpretation, not constitutional law"). Here, by contrast, Erby is raising constitutional, not statutory, questions. Therefore, he cannot meet Wheeler's requirements for use of the savings clause and § 2241.

Second, to the extent Erby relies on the Supreme Court's decision in Alleyne v. United States, 570 U.S. 99 (2013), see, e.g., Pet. at 5, 7, 10, 20; Obj. at 6-8, his argument fails. Alleyne held that "[a]ny fact that, by law, increases the penalty for a crime is an element that must be submitted to the jury and found beyond a reasonable doubt." 570 U.S. at 193; see also id. ("Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an element that must be submitted to the jury."). The Court relied on its reasoning in its prior decision in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (reaching the same conclusion with respect to statutory maximum penalties). See id.

Erby satisfies the first Wheeler factor. Leaving aside his constitutional arguments, at the time of his conviction and sentencing, settled law of the Fourth Circuit or Supreme Court established the legality of his sentence. Wheeler, 886 F.3d at 429. However, he cannot meet the second condition, that since his direct appeal and first § 2255 motion, settled substantive law changed and was deemed to apply retroactively on collateral review. Id. Alleyne has not

---

[7] Bailey v. United States, 516 U.S. 137 (1995).

been held to be retroactively applicable to cases on collateral review. See United States v. Cornette, 932 F.3d 204, 210 (4th Cir. 2019) (noting that "the Supreme Court never made the procedural rules in Alleyne . . . retroactive"); Hyles v. Breckon, No. 7:18-cv-00183-NKM, 2018 WL 3765375, at *4 W.D. Va. Aug. 8, 2018) ("Alleyne and Apprendi are not retroactively applicable on collateral review."). Although Erby argues that the increase in his sentence "is grave, a fundamental defect in his sentence," Pet. at 20, that argument addresses Wheeler's fourth requirement, and Erby cannot meet the second, see Robinson v. Warden of Lee County U.S.P., No. 7:19-cv-00205-JPJ, 2019 WL 2067220, at *2 (W.D. Va. May 10, 2019) ("Robinson fails to show that his sentence now constitutes an error sufficiently grave to be deemed a fundamental defect in light of particular, post-§ 2255 changes in substantive law that have been found to apply retroactively in a collateral proceeding." (quoting Wheeler, 886 F.3d at 429)). All four Wheeler conditions must be satisfied. See Cook v. Warden, USP Lee County, No. 7:18-cv-00311-GEC, 2019 WL 6221300, at *3 (W.D. Va. Nov. 21, 2019) (noting that all four Wheeler requirements must be satisfied, and petitioner failed to satisfy one of the four);

In addition, Erby has presented the same, or similar, claims to the Eastern District of Virginia and the Fourth Circuit. For example, on direct appeal, Erby argued that evidence regarding the murder should have been excluded under Federal Rule of Evidence 403 because its prejudicial nature outweighed its probative value. Pet. at 2; Mot. to Dismiss, Ex. 1 at 5. The Fourth Circuit, relying on precedent, rejected the claim. See Mot. to Dismiss at 6-7. Erby also contended that the district court violated his due process rights under the Fifth Amendment by enhancing his sentence "from unadmitted facts determined by the sentencing court." Pet. at 2; see also Mot. to Dismiss, Ex. 1 at 10. In his first motion to vacate sentence

8

pursuant to § 2255, Erby argued again that that the evidence of the murder should have been excluded under Fed. R. Evid. 403 and that the district court improperly enhanced his sentence "based on uncharged facts that were determined by a preponderance of the evidence at sentencing instead of beyond a reasonable doubt." Mot. to Dismiss, Ex. 2 at 15. The court denied the motion as untimely, but, alternatively, dismissed Erby's claims as having been previously litigated. See id. at 9, 14-16. Undeterred, Erby filed a second motion to vacate in 2014 based on the Supreme Court's decision in Alleyne. Pet. at 4;[8] see also Mot. to Dismiss, Ex. 4 at 3. The Eastern District of Virginia denied the motion because there was no evidence that Erby had obtained permission from the Fourth Circuit to file a second or successive § 2255 motion. See Mot. to Dismiss at 4-5. The court further stated that the Supreme Court had not made Alleyne retroactively applicable to cases on collateral review, id. at 5, and that, even if Alleyne applied retroactively on collateral review, it did not apply in Erby's case, see id. at 7.

"It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions [of § 2255]." Jones, 226 F.3d at 333. Instead,

> [A] federal prisoner is entitled to pursue a § 2241 motion only when he had no opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law. If, conversely, the prisoner had an unobstructed procedural shot at filing a § 2255 motion to take advantage of a change, a § 2241 motion is unavailable to him, and any otherwise unauthorized habeas motion must be dismissed for lack of jurisdiction.

---

[8] Erby indicates that the motion was filed in the Fourth Circuit, see Pet. at 4, but he is mistaken. The district court's decision is dated August 6, 2015, the same date Erby claims the Fourth Circuit denied his alleged 28 U.S.C. § 2244(b)(3)(A) motion. See id. at 4; Mot. to Dismiss, Ex. 4 at 7. Erby states that he "[s]ought to have the motion denied to prove the unavailability of it, in order to proceed with [a] successive motion to the District Sentencing Court." Pet. at 4.

9

Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam). Here, it is clear that Erby had multiple opportunities to raise his Alleyne claim. The fact that he failed to comply with applicable procedures does not render § 2255 "inadequate or ineffective . . . ." 28 U.S.C. § 2255(e); see also Vial, 115 F.3d at 1194 n.5.

Lastly, in his amended petition Erby states that he is challenging the execution of his sentence and respondent's authority to detain him illegally. Am. Pet. at 2. Erby claims to be challenging his detention rather than his sentence or conviction, relying on the savings clause but not Wheeler. Id.; see also id. at 4 ("When a prisoner seeks relief under 2255(e)'s Execution of the sentence, he does not request his conviction be vacated. Instead he seeks relief from illegal detention."). However, Erby adds two additional claims: (1) a "facial challenge" to the district court's subject matter jurisdiction on Counts One and Two, the § 922(g) charges, because the government did not prove an element of the crime; and (2) a challenge to the court's jurisdiction over his Count Four conviction, violation of § 924(c)(1), because he was not convicted of a "drug trafficking crime." Id. at 3, 5-13. It is clear, then, that he continues to attack his sentence (and underlying conviction), not just his "illegal" detention See, e.g., Am. Pet. at 11 (claiming that because there are no "factual allegations" in the indictment concerning the "interstate commerce nexus," the validity of the judgment is undermined); id. at 13 (arguing that because he was not charged and convicted of "drug trafficking," just conspiracy, "count four is jurisdictionally unsound, and the conviction and sentence for the count is [sic] invalid").

"[W]hile both § 2241 and § 2255 offer a means for a federal prisoner to challenge his detention, the two sections are not interchangeable. A federal prisoner should use § 2255 to

10

challenge his conviction or the imposition of his sentence. In contrast, § 2241 is the proper vehicle for challenging the execution of a sentence." United States v. Davis, No. 6:99-cr-70054-NKM, 2015 WL 2151787, at *3 (W.D. Va. May 7, 2015) (citing Adams v. United States, 372 F.3d 132, 134 (2d Cir. 2004); Jones, 226 F.3d at 332-33); see also Mims v. Wendt, No. 5:05-cv-145, 2008 WL 351025, at *3 (N.D. W. Va. Feb. 7, 2008) (same). "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." United States v. Summers-Grace, Criminal No. ELH-16-0594, 2020 WL 1235016, at *2 (D. Md. Mar. 13, 2020) (quoting Adams, 372 F.3d at 135); see also Thigpen v. Francis, No. 3:06-cv-1, 2008 WL 2117143, at *3 (N.D. W. Va. May 19, 2008) (same). Nonetheless, as discussed above, the savings clause allows a prisoner to challenge the validity of his conviction and/or sentence under § 2241 in limited circumstances, specifically pursuant to Jones and Wheeler. See Tenderholt v. Saad, No. 3:18-cv-172, 2020 WL 949198, at *4 (N.D. W. Va. Jan. 28, 2020) ("The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies § 2255's savings clause." (citing Wheeler, 886 F.3d at 428; Jones, 226 F.3d at 333-34)).

Erby is not challenging the administration of his parole, computation of his sentence, disciplinary actions, or prison conditions. No matter how he describes his motion, it is crystal clear that he is challenging his entire sentence, not just the execution of that sentence. For the reasons stated above, Erby cannot satisfy the Wheeler factors and, therefore, has not demonstrated that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

11

Accordingly, the court concludes that subject matter jurisdiction over the amended petition is also lacking, see Wheeler, 886 F.3d at 423; Jones, 226 F.3d at 333-34, and the petition, as amended, must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### III.

In addition to his § 2241 petition, Erby has filed a motion for summary judgment. However, because the court lacks jurisdiction over the petition, it may not address the motion for summary judgment. See Swindle v. Hudgins, No. 5:19-cv-300, 2020 WL 469660, at *3 (N.D. W. Va. Jan. 29, 2020) ("Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction." (citing Rice, 617 F.3d at 807)); Moss v. Dobbs, No. 8:19-cv-02280, 2019 WL 7284989, at *9 n.3 (D.S.C. Sept. 23, 2019) (noting that "a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits"), adopted by 2019 WL 5616884 (D.S.C. Oct. 31, 2019). Therefore, the court must deny the motion.

Erby also seeks to amend the petition to raise a claim based on the Supreme Court's decision in Rehaif v. United States, 139 S.Ct. 2191 (2019). Erby argues that "[t]he government did not prove both that Mr. Erby knew he possessed a firearm and that he belonged to the relevant category of persons barred from possessing a firearm, so the presumption of innocen[c]e remains for counts one and two." Second Mot. to Amend. at 1. He also challenges respondent's execution of the sentence because the indictment did not include language applying "knowingly" to the essential elements of counts one and two, thereby depriving him of "fair notice" for those counts and his right to have the jury find all facts

12

necessary to convict him of those counts. Id. at 2-3; see also id. at 3 ("A conviction without Fair Notice is void. If the conviction is void so is the resulting sentence. If the sentence is unlawful then so is the execution."). For the reasons stated below, the second motion to amend must be denied.

> Where, as here, more than 21 days have passed after service of the government's answer, Rule 15(a)(2) permits amendment of the petition only with the government's written consent or leave of court. The rule further provides that the court should freely give leave when justice so requires. Leave to amend should be granted in the absence of bad faith, undue prejudice to the opposing party, or futility of the amendment.

United States v. Kelley, No. 7:16-cr-00022-EKD-RSB, 2019 WL 6718103, at *2 (W.D. Va. Dec. 10, 2019). Here, amendment would be futile. As discussed above, in order to utilize § 2255's savings clause and bring his claim pursuant to § 2241, Erby must meet the conditions set forth in Jones and Wheeler. See Wheeler, 886 F.3d at 429; Jones, 226 F.3d at 333-34. The Fourth Circuit has noted that Rehaif abrogated prior circuit precedent. United States v. Lockhart, 947 F.3d 187, 198 (4th Cir. 2020) (citing United States v. Langley, 62 F.3d 602 (4th Cir. 1995)). Thus, the first prong of the Jones and Wheeler tests is satisfied. See Wheeler, 886 F.3d at 429; Jones, 226 F.3d at 333-34.

Erby, however, cannot satisfy the second requirement. Since Rehaif, several courts within the Fourth Circuit have held that Rehaif did not change substantive law because the conduct for which the petitioner was convicted is still illegal. See, e.g., Swindle, 2020 WL 469660, at *3 ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of Jones."); Taylor v. Huggins, No. 5:19-cv-291, 2019 WL 6481799, at *3 (N.D. W. Va. Nov. 5, 2019) ("Even if Petitioner satisfied the first and third elements of Jones, the crime for which he was convicted remains a criminal

13

offense, and, therefore, he cannot satisfy the second element of Jones."), adopted by 2019 WL 6467823 (N.D. W.Va. Dec. 2, 2019); Moss, 2019 WL 7284989, at *9 ("[T]he savings clause test in Jones requires that subsequent to a prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal. Here, no such change occurred."); see also Moss, 2019 WL 7284989, at *6-7. With respect to Erby's case, it is still illegal for felons to possess weapons and ammunition, for individuals to conspire to distribute controlled substances, and for individuals to use and carry firearms during and in relation to drug trafficking crimes.

Further, in terms of Wheeler, the Supreme Court did not indicate that Rehaif was retroactively applicable to cases on collateral review. See Williams v. United States, No. 3:17-cr-00241, 2019 WL 6499577, at *2 (W.D. N.C. Dec. 3, 2019) ("[T]he Supreme Court did not make Rehaif retroactive to cases on collateral review."); Waters v. United States, No. 4:15-cr-158, 2019 WL 3495998, at *5 (D. S.C. Aug. 1, 2019) (denying motion to appoint counsel to present a Rehaif claim in part because "there is no indication that the Supreme Court has made the holding in Rehaif retroactively applicable to invalidate an otherwise final conviction under § 922(g).").[9]

Therefore, because Erby cannot satisfy all the Wheeler conditions, the court would be required to dismiss a Rehaif claim for lack of jurisdiction. See Swindle, 2020 WL 469660, at *3 ("Consequently, because petitioner attacks the validity of his conviction and fails to establish that he meets the Jones requirements, he is unable to satisfy the § 2255 savings clause

---

[9] Rehaif was a direct appeal. See Rehaif, 139 S.Ct. at 2195.

to seek relief under § 2241."); Moss, 2019 WL 7284989, at *9 n.3. Accordingly, Erby's second motion to amend shall be denied as futile.

## IV.

Based on the foregoing, the court concludes that it lacks subject matter jurisdiction over Erby's petition and amended petition. Accordingly, the court will grant respondent's motion to dismiss. and dismiss the petition, as amended, without prejudice. An appropriate order will issue this day. The motion for summary judgment and second motion to amend will be denied.

ENTER: This 24th day of March, 2020.

/s/ Michael F. Urbanski
Michael F. Urbanski
Chief United States District Judge